IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | 1:09cv0297 OWW DLB |
| | ) | |
| | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | REGARDING PLAINTIFF'S |
| Plaintiff, | ) | APPLICATION FOR |
| | ) | FOR DEFAULT JUDGMENT |
| vs. | ) | |
| | ) | (Document 13) |
| JOSE VILLALOBOS, JR., et.al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 23, 2009, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"), filed the present motion for default judgment against Defendants Jose Villalobos, Jr., and Jose Villalobos, Sr., individually and dba Scoreboards ("Defendants"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. The matter was heard on September 4, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Thomas P. Riley appeared telephonically on behalf of Plaintiff. Defendants did not appear.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant action on February 16, 2009, against Defendants, alleging violations of 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as state law causes of action for conversion and violation of Cal. Bus. & Prof. Code § 17200, et seq. The allegations are based on Defendants' alleged unlawful interception, reception, and exhibition of "Ultimate Fighting Championship 61:

1

'Bitter Rivals'" ("Program"), which was telecast on July 8, 2006.  According to the complaint, Plaintiff was the exclusive nationwide commercial distributor of the Program.

The First Cause of Action for violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleges that Defendants knowingly intercepted, received, published, divulged, displayed and/or exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain.  Plaintiff seeks $110,000 in statutory damages as well as attorneys' fees and costs.  The Second Cause of Action for violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) is based upon the same allegations.  Plaintiff requests $60,000 in statutory damages, as well as attorneys' fees and costs.  The Third Cause of Action for conversion alleges that Defendants "tortuously obtained possession" of the Program and wrongfully converted it for their own benefit.  Plaintiff alleges that these acts were willful and intentionally designed to harm Plaintiff and subject it to economic distress and financial loss.  Plaintiff seeks compensatory, punitive and exemplary damages, attorneys' fees and costs.  The Fourth Cause of Action alleges a violation of Cal. Bus. & Prof. Code § 17200, et seq., for which Plaintiff seeks restitution, declaratory and injunctive relief.

On March 25, 2009, Plaintiff filed proof of service indicating that Defendant Jose Villalobos, Sr., was served on March 17, 2009.  On the fifth attempt to serve at the residence address in Planada, California, substituted service was made on "Jane Doe," who refused to give her name and is listed as a "co-occupant."  Jane Doe was instructed to deliver the documents to Defendant.  Copies of the summons and complaint were mailed to Defendant Jose Villalobos, Sr., on March 18, 2009.

On April 22, 2009, pursuant to Plaintiff's request, the Clerk of the Court entered default as to Defendant Jose Villalobos, Sr.

On May 22, 2009, Plaintiff filed a proof of service indicating that Defendant Jose Villalobos, Jr., was served on May 12, 2009.  On the third attempt to serve at the residence address in Fresno, California, substituted service was made on "Jane Doe," who refused to give her name and is listed as a "co-occupant."  Jane Doe was instructed to deliver the documents to Defendant.  Copies of the summons and complaint were mailed to Defendant Jose Villalobos, Jr., on May 13, 2009.

1    On June 17, 2009, pursuant to Plaintiff's request, the Clerk of the Court entered default as to
2  Defendant Jose Villalobos, Jr.
3    Plaintiff filed the instant motion for default judgment on July 23, 2009.  Defendants have not
4  filed an opposition or otherwise appeared in the action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides:

> (2)  By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## DISCUSSION

Pursuant to the proofs of service filed with the Court, Defendant Jose Villalobos, Sr., was served on March 17, 2009, and Defendant Jose Villalobos, Jr., was served on May 12, 2009.

Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Declaration of Thomas P. Riley, ¶ 3.

The Clerk entered default as to Defendant Jose Villalobos, Sr., on April 22, 2009.  The Clerk entered default as to Defendant Jose Villalobos, Jr., on June 17, 2009.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendants' violation of 47 U.S.C. § 605 and 47 U.S.C. § 553.  Given the size of

the establishment at issue, its location both in a relatively urban city and adjacent to an even larger urban city[1] and the fact that the Program was shown on a large projection screen, the Court finds that the violations likely had more than a minimal impact. Accordingly, the Court finds that $30,000 for each federal statutory violation is an appropriate remedy. This amount both compensates Plaintiff and serves as a deterrent to the acts at issue.

## RECOMMENDATION

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendants and RECOMMENDS that damages in the total amount of $60,000.00 be fixed as follows:

1) For violation of 47 U.S.C. section 605, the sum of $30,000; and
2) For violation of 47 U.S.C. section 553, the sum of $30,000.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days (plus three days if served by mail) after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

Dated:   **September 16, 2009**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Scoreboards is located in Clovis, California, which has a population of over 95,000 people. Clovis, California is geographically adjacent to Fresno, California, which has a population of over 495,000 people.

4